IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DANNY JOHNSON,
    Petitioner,

v.                                                      Case No. 4:08cv221/MMP/MD

WALTER A. MCNEIL,
    Respondent.
_____

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1). While respondent's response was pending, petitioner, Danny Johnson moved to disregard Issue #7 of his petition (doc. 13). The request was granted and the court held that Ground 7 would be deemed waived/abandoned (doc. 16). Respondent then filed his response, contending that all Mr. Johnson's remaining grounds for relief were procedurally barred (doc. 17). Mr. Johnson did not file a reply to the response despite being invited to do so (doc. 19). Rather, he asked the court to allow him to reinstate Ground 7 (doc. 22). The request was granted (doc. 24), and respondent filed his response to Ground 7 (doc. 25), to which Mr. Johnson replied (doc. 34). Mr. Johnson has never replied to the respondent's contentions concerning the remaining grounds.

The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that

petitioner is not entitled to relief, and that the petition should be denied.

## PROCEDURAL HISTORY

Mr. Johnson was charged in the Circuit Court of Leon County, Florida with burglary of an occupied dwelling, aggravated stalking, and two counts of battery. A jury found him guilty of burglary of a dwelling on the first count, and guilty as charged on the remaining counts, and he was sentenced to 15 years imprisonment as a prison releasee reoffender (doc. 17, ex. A, pp. 62-72). Petitioner's effort on direct appeal was unsuccessful. *Johnson v. State*, 789 So.2d 992 (Fla. 1st DCA 2001) (Table). After a successful appeal of the denial of a subsequent motion to correct sentence, *Johnson v. State*, 870 So.2d 216 (Fla. 1st DCA 2004), the trial court deleted the prison releasee reoffender sentence and sentenced Mr. Johnson to 15 years as an habitual felony offender (ex. P). Mr. Johnson's appeal of the new sentence was dismissed at his request (exs. Q, R, S).

Mr. Johnson then filed a motion for post-conviction relief pursuant to Rule 3.850, Fla. R. Crim. P. and later an amended motion for post-conviction relief (ex. T, pp. 131-61). He raised the following grounds, all based on his claim of ineffective assistance of counsel on the part of his trial attorney:

1. Failure to assure that members of jury venire were placed under oath before voir dire.

2. Failure to introduce written statement of victim.

3. Failure to take deposition of state's witness Easley.

4. Failure to object to perjured testimony.

5. Failure to take the deposition of witness Lawrence and call him to testify.

6. Failure to take deposition of witness Thomas and call her to testify.

The Rule 3.850 court held an evidentiary hearing and denied the motion in a

written order (*id.* at 175-200). Mr. Johnson appealed. His court appointed appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Mr. Johnson filed a *pro se* brief. The only ground he argued on appeal, which was not one of the grounds listed above, was that the trial court erred in not appointing counsel for him at the Rule 3.850 hearing (ex. X). The appellate court affirmed. *Johnson v. State*, 974 So.2d 1071 (Fla. 1st DCA 2007) (Table) (copy at ex. Y). A motion for rehearing was denied (exs. Z, AA).

In the instant federal habeas proceeding Mr. Johnson raises the six grounds contained in his amended motion for post-conviction relief, listed above, plus a Ground Seven - that the Rule 3.850 court erred in not appointing counsel to assist him at the evidentiary hearing on his motion for post-conviction relief.

## DISCUSSION

### Grounds One through Six

Respondent contends that Grounds One through Six are procedurally defaulted due to petitioner's abandonment of them in his appeal of the order denying post-conviction relief. The court agrees.

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[1] thereby giving the State the "'opportunity to pass upon and correct'

---

[1]Section 2254 provides, in pertinent part:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A)  the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i)  there is an absence of available State corrective process; or

      (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

. . . .

*Case No: 4:08cv221/MMP/MD*

alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. *Duncan*, *supra*, 513 U.S. at 365-66; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Picard*, 404 U.S. at 277-78.

An issue that was not presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, *i.e.*, procedurally barred from federal review. *O'Sullivan*, 526 U.S. at 839-40, 848, 119 S.Ct. at 1734; *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999). This court will also treat a claim as procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *Coleman v. Thompson*, 501 U.S. 722, 734-35 and n. 1, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991); *Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); *Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993); *Parker v. Dugger*, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L.Ed.2d 812 (1991). In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. *Bailey*, 172 F.3d at 1303. In the second instance, a federal court must determine whether the state's procedural default ruling rested on adequate state grounds

---

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

independent of the federal question. *See Harris v. Reed*, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989). The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question. *Lee v. Kemna*, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002). The adequacy requirement has been interpreted to mean that the rule must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion. *Ford v. Georgia*, 498 U.S. 411, 424-25, 111 S.Ct. 850, 858, 112 L.Ed.2d 935 (1991); *Judd v. Haley*, 250 F.3d 1308,1313 (11th Cir. 2001); *Upshaw v. Singletary*, 70 F.3d 576, 579 (11th Cir. 1995).

To overcome a procedural default, the petitioner must show cause and prejudice or a fundamental miscarriage of justice in order for the federal habeas court to reach the merits of a claim. *Tower*, 7 F.3d at 210; *Parker*, 876 F.2d 1470. "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)). Lack of counsel or ignorance of available procedures is not enough to establish cause. *Tower, supra.* To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 85, 130 L.Ed.2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327. Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.

*Id.*

*Case No: 4:08cv221/MMP/MD*

In the instant case, Grounds One through Six of the petition are the same grounds raised in Mr. Johnson's amended motion for post-conviction relief.[2] The Rule 3.850 court denied relief after an evidentiary hearing. Therefore, Mr. Johnson was required to submit a brief on appeal to the DCA. *See* Fla. R. App. P. 9.141(b)(3). He did file a brief, and his failure to address Grounds One through Six in his brief constituted a waiver of those issues in the state court. *See, e.g., Sweet v. State*, 810 So.2d 854, 870 (Fla. 2002) (holding that claims raised on appeal from order denying post-conviction relief were procedurally barred where petitioner received an evidentiary hearing on his Rule 3.850 motion (albeit not on those particular claims), and failed to fully brief the claims on appeal); *Duest v. Dugger*, 555 So.2d 849, 851 (Fla. 1990) (holding that issues raised on appeal from order denying post-conviction relief were procedurally barred where petitioner received an evidentiary hearing on his Rule 3.850 motion and failed to fully brief and argue the points on appeal). To the extent that Mr. Johnson attempted to raise any of the denied claims in his motion for rehearing after the appellate court rendered its decision, it was too late. *See* Fla. R. App. P. 9.330(a)(stating that "[a] motion for rehearing . . . shall not present issues not previously raised in the proceeding").

Mr. Johnson cannot now return to the state courts to attempt to successfully exhaust Grounds One through Six, because he would be barred under Florida's procedural rules. *See* Fla. R. Crim. P. 3.850(b) (providing, in part, with exceptions not relevant here, that no Rule 3.850 motion "shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence became

---

[2]The six grounds in the motion for post-conviction relief were not all identical to the first six grounds raised here, and respondent argues that for those reasons, some of the grounds are defaulted. For example, ground four in this case was raised in Mr. Johnson's first motion for post-conviction relief, but was not included in his amended motion. Under Florida law, an amended pleading supercedes the original, so ground four was abandoned. It is not necessary to delve too deeply into this issue, however, because as shown here, whatever grounds were raised in the motion and amended motion for post-conviction relief and on appeal were abandoned on appeal, so the procedural bar applies to the first six grounds raised in the instant federal habeas petition regardless of whether they are barred for another reason.

*Case No: 4:08cv221/MMP/MD*

final."); Fla. R. Crim. P. 3.850(f) (providing for the dismissal of successive rule 3.850 motions). Therefore, Grounds One through Six are considered procedurally defaulted. *See Atwater v. Crosby*, 451 F.3d 799, 810 (11th Cir. 2006) (holding that petitioner, who had received an evidentiary hearing on his Rule 3.850 motion, procedurally defaulted his right-to-testify claim when he failed to argue it in his initial brief on appeal from the denial order; raising it in his reply brief was not proper exhaustion); *see also Cottrell v. Secretary, DOC*, 317 Fed. Appx. 942 (11th Cir. 2009) (holding the same, and further holding that post-conviction appellate counsel's identifying the issues in an *Anders* brief, without arguing that they entitled the appellant to relief, constituted an abandonment of the issues and therefore a waiver); *Cortes v. Gladish*, 216 Fed. Appx. 897, 899-900 (11th Cir. 2007) (stating that had the petitioner received an evidentiary hearing on his Rule 3.850 motion, his failure to address issues in his appellate brief would constitute a waiver of those issues, and they would be considered procedurally defaulted). Petitioner has made none of the requisite showings to excuse his default; therefore this court will not consider these claims.

<u>Ground Seven</u>

As noted above, Mr. Johnson first withdrew Ground Seven from the instant federal habeas petition but then reinstated it with the court's permission. He argues that the Rule 3.850 court's failure to appoint him counsel for the evidentiary hearing denied him his Sixth Amendment right to the effective assistance of counsel, and his Fourteenth Amendment right to due process of law. This claim does not provide a basis for federal habeas relief.

"There is no constitutional right to an attorney in state post-conviction proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991), *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 1 (1989); *see also* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be

a ground for relief in a proceeding arising under section 2254."). Therefore, Mr. Johnson cannot show that the Rule 3.850 court's failure to appoint counsel violated his Sixth Amendment rights.

Further, it is well established in the Eleventh Circuit that a prisoner's challenge to the process afforded him in a state post-conviction proceeding does not constitute a cognizable claim for habeas corpus relief. This is so, because such a claim represents an attack on a proceeding collateral to the prisoner's confinement and not the confinement itself. *Carroll v. Secretary, DOC, Fl. Attorney Gen.*, 574 F.3d 1354, 1366 (11th Cir. 2009) (holding that habeas petitioner's claim, that the state court violated his due process rights when it summarily denied his post-conviction claim without an evidentiary hearing, did not state a claim on which a federal court may grant habeas relief); *Anderson v. Secretary for Dep't of Corrections*, 462 F.3d 1319, 1330 (11th Cir. 2006) (per curiam) (holding that state court's failure to conduct an evidentiary hearing on a post-conviction motion does not constitute a cognizable claim for habeas relief); *Quince v. Crosby*, 360 F.3d 1259, 1261-62 (11th Cir. 2004) (explaining that "while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief."); *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir. 1987) (holding that habeas petitioner's claim that errors in Rule 3.850 proceeding violated his right to due process did not state a basis for habeas relief because the claim "[went] to issues unrelated to the cause of petitioner's detention."). Because Mr. Johnson's Fourteenth Amendment challenge involves the process afforded him in a proceeding collateral to his confinement and not the confinement itself, it does not provide a basis for federal habeas relief.

In conclusion, Grounds One through Six of the instant federal habeas petition are procedurally defaulted, and Ground Seven does not state a claim on which this court may grant habeas relief. Accordingly, it is respectfully RECOMMENDED that the 28 U.S.C. 2254 petition for writ of habeas corpus (docs. 1, 22), challenging the

conviction and sentence in *State of Florida v. Danny B. Johnson* in the Circuit Court of Leon County, Florida, case no. R98-532, be DENIED, that this cause be DISMISSED, and that the clerk be directed to close the file.

At Pensacola, Florida, this 7th day of October, 2009.

/s/ *Miles Davis*
      **MILES DAVIS**
      **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**